UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| LLOYD ROUSSELL, III | CIVIL ACTION |
| VERSUS | |
| SANTANDER CONSUMER USA, INC., ET AL. | NO. 24-48-BAJ-RLB |

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions of law, and recommendations within fourteen (14) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

    Signed in Baton Rouge, Louisiana, on July 3, 2024.

                                              **RICHARD L. BOURGEOIS, JR.**
                                              **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LLOYD ROUSSELL, III** | **CIVIL ACTION** |
| **VERSUS** | |
| **SANTANDER CONSUMER USA, INC., ET AL.** | **NO. 24-48-BAJ-RLB** |

## ORDER

Before the Court is Santander Consumer USA Inc. d/b/a Chrysler Capital's ("Defendant") Motion to Dismiss Plaintiff's Complaint. (R. Doc. 8). The motion is opposed. (R. Doc. 9). Defendant filed a reply. (R. Doc. 12).

**I.      Background**

On January 23, 2024, Lloyd Roussell III ("Plaintiff") filed a *pro se*[1] complaint (the "Complaint") against Defendant and Ray Brandt Dodge, Inc. ("Ray Brandt"), making the allegations set forth below. (R. Doc. 1). Plaintiff also attached a Retail Installment Sale Contract (the "Contract"). (R. Docs. 1; 1-1). Plaintiff alleges that when he purchased a vehicle from Ray Brandt on April 7, 2020, he was given no notice of rescission and his "collateral [was used] as a form of downpayment on a Finance Charge[.]" (R. Doc. 1 at 4). Plaintiff seeks $53,976 in damages for the following alleged actions of Defendant: (1) violations of the Truth in Lending Act ("TILA"), (2) breach of contract, (3) anti-predatory lending violations, (4) good faith guideline violations, (5) constructive fraud, and (6) negligent misrepresentation. (R. Doc. 1 at 4).

---

[1] *Pro se* pleadings are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Yet, a *pro se* plaintiff is not exempt from "procedural and substantive law." *NCO Fin. Systems, Inc. v. Harper-Horsley*, No. 07-4247, 2008 WL 2277843, at *3 (E.D. La. May 29, 2008) (citation omitted). Courts therefore need not "create causes of actions . . . for *pro se* plaintiffs." *Kiper v. Ascension Parish Sch. Bd.*, No. 14-313, 2015 WL 2451998, at *1 (M.D. La. May 21, 2015) (citation omitted).

Plaintiff voluntarily dismissed his claims against Ray Brandt. (R. Docs. 4; 11). On February 29, 2024, the instant motion was filed and has been referred to the undersigned for a report and recommendation. (R. Doc. 8).

II.     **Law and Analysis**

    A.     **Legal Standards**

To survive a motion to dismiss, a plaintiff must plead "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations and citation omitted). A claim is only facially plausible if a plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "A pleading that offers labels[,] conclusions[,] or a formulaic recitation of the elements of a cause of action will not do." *Id*.

Courts "must consider [a] complaint in its entirety, as well as other sources[, such as] documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir. 2011) (citation omitted). A court must accept all well-pled facts as true and draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

    B.     **Analysis**

        i.     **The Alleged Violations of TILA**

Plaintiff alleges Defendant violated TILA by giving him no rescission notice. (R. Doc. 1 at 4). This claim fails for multiple reasons. First, TILA provides no rescission right for vehicle purchases because rescission under TILA is a right that only applies to "property which is used as a principal dwelling of the person to whom credit is extended." 15 U.S.C. § 1634(a); *See* Jennifer Pope, *Preventing Predatory Practices: Indirect Auto Lending in the Motor City,* 95 U.

3

Det. Mercy L. Rev. 487, 510 (2018) ("no cooling off period under the federal law for automobile sales"). Indeed, the Contract specifically puts the plaintiff on notice that there is no such right:

> NO COOLING OFF PERIOD
> State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees or for legal cause. You cannot cancel this contract simply because you change your mind. . . .
>
> BUYER'S WAIVER OF WARRANTIES - "AS IS" SALE
> . . . You also waive any right that you have to demand that the sale be canceled (rescinded) . . . for breach of any implied warranties. . . . The above waiver of warranties has been read by me and explained to me in a manner that I understand and I knowingly consent[.] Buyer: X [Plaintiff's signature] (R. Doc. 1-1 at 3).

More importantly, this claim under TILA fails as it is outside of the applicable statute of limitations and is thus time-barred. 15 U.S.C. § 1640(e). The applicable statute of limitations for Plaintiff's allegation is one year. *Id.* The Complaint was filed well over three years after the vehicle purchase and execution of the Contract and is therefore untimely. *Id.* (R. Doc. 1-1 at 1).

In sum, the facts alleged do not support claims under TILA, and any potential claims that could arise under TILA are time-barred. The undersigned recommends dismissing the TILA claims with prejudice.

### ii.    The Alleged Anti Predatory Lending Violations

Plaintiff appears to be bringing his anti-predatory lending violations claim under Title XIV of the Dodd-Frank Act, as it is often referred to as the Mortgage Reform and Anti-Predatory Lending Act. 15 U.S.C.A. § 1601 (historical notes) ("Title XIV of the Dodd-Frank Wall Street Reform and Consumer Protection Act, known as the Mortgage Reform and Anti-Predatory Lending Act"). This claim is improper, however, as the relevant Contract involves a sale of a vehicle, not a home for which Title XIV might apply. *See* 15 U.S.C. § 1639; *see also* Joe Wonderly, *Xi. Anti-Predatory Lending: Title Xiv of the Dodd-Frank Act,* 30 Rev. Banking & Fin. L. 93, 93 (2010) ("Title XIV of the Dodd[-]Frank Act, implements . . . mortgage origination

regulations[.]"). (R. Doc. 1 at 4). Plaintiff also provides no argument for the existence of a private right of action under the Dodd-Frank Act. *See Abraham v. C/C PHH Mortg. Servs.,* No. 4:19-CV-4158, 2020 WL 826640, at *2 (S.D. Tex. Jan. 29, 2020), *report and recommendation adopted,* No. 4:19-CV-4158, 2020 WL 824104 (S.D. Tex. Feb. 19, 2020) (citations omitted) ("With a few narrow exceptions, the Dodd-Frank Act does not provide for a private right of action by borrowers against lending institutions."). (R. Doc. 1).

Further, the statute of limitations applicable under Title XIV of the Dodd-Frank Act is three years. *See* Pub. L. No. 111-203, 124 Stat. 1376, tit. XIV (2010) (codified in various sections of 15 U.S.C. §§ 1639(b)-(c)); *see also* 15 U.S.C. § 1640 ("Any action under this section with respect to any violation of section 1639, 1639b, or 1639c of this title may be brought . . . before the end of the 3-year period beginning on the date of the occurrence of the violation."). As Plaintiff's Complaint was filed more than three years after Plaintiff entered into the Contract, Plaintiff's Title XIV claims are time-barred. *Id.* (R. Docs. 1; 1-1).

To the extent Plaintiff refers to other provisions of the Dodd-Frank Act, such as its modifications of the Real Estate Settlement and Procedures Act ("RESPA"), Plaintiff's claims are still time-barred because RESPA has a statute of limitations of either one or three years. *See* 12 U.S.C. § 2605 (Dodd-Frank Act created RESPA Section 2605(k)); *see also* 12 U.S.C. § 2614 ("Any action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought . . . within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation[.]"). Again, as Plaintiff's Complaint was filed more than three years after Plaintiff entered into the Contract, Plaintiff's RESPA claims are time-barred. (R. Docs. 1; 1-1).

Accordingly, because Plaintiff has not shown he has a private right of action under the Dodd-Frank Act, because Title XIV is inapplicable, and because the Dodd-Frank claims are time-barred, this Court recommends dismissal of Plaintiff's claim with prejudice. *Abraham,* 2020 WL 826640, at *2 (court dismissed anti predatory lending violation claim when Plaintiff provided no factual allegations in support of her legal conclusion and where she made no argument showing she had a private right of action under the Dodd-Frank Act).

### iii. Alleged Breach of Contract and Good Faith Guideline Violations

As explained above, Plaintiff has not identified any portion of the contract that was breached, or alleged what actions by the defendant that were supposedly in breach of the contract. *See McCoy v. SC Tiger Manor, LLC,* No. CV 19-723-JWD-SDJ, 2022 WL 4492761, at *7 (M.D. La. Sept. 9, 2022), *report and recommendation adopted,* No. CV 19-723-JWD-SDJ, 2022 WL 4490158 (M.D. La. Sept. 27, 2022) (quotations and citation omitted) ("It is black-letter law in Louisiana that a party asserting a breach of contract [claim] must prove a breach of a specific contractual provision."). Plaintiff appears to argue that Defendant failed to act in good faith and breached the Contract when it failed to provide Plaintiff with a notice of rescission. (R. Doc. 1) ("the breach of the Notice, whether deliberate or unintentional, constitutes a clear violation of the contract."). This Court has already shown that the Contract includes no provision guaranteeing Plaintiff a notice of rescission. Instead, it is apparent that Plaintiff agreed in the contract there would be no right to rescission. (R. Doc. 1-1 at 3). Because Plaintiff's breach of contract and good faith violations are contrary to the provisions of the contract and are founded on a non-existent right to a notice of rescission, they should be dismissed with prejudice.

### iv. Constructive Fraud and Negligent Misrepresentation

Plaintiff appears to be bringing his constructive fraud and negligent misrepresentation claims based on events leading up to the signing of the Contract on April 7, 2020. (R. Doc. 1 at

6

4). In support of these claims, Plaintiff alleges that on April 7, 2020, during an automobile sale at 1660 West Bank Expressway in Harvey, Louisiana, he was given no notice of rescission and his "collateral [was used] as a form of downpayment on a Finance Charge to Ray Brandt[.]" (R. Doc. 1 at 4). From these limited factual allegations and from the alleged date they occurred, this Court finds Plaintiff's constructive fraud and negligent misrepresentation claims are time-barred and have also been inadequately pled.

Under Louisiana law, both fraud claims and negligence actions have a one-year limitation period. La. Civ. Code art. 3492;[2] *Cerullo v. Heisser*, 213 So. 3d 1232, 1237 (La. Ct. App. 2017) (fraud claims have a one-year statute of limitations); *Titus v. Wilson*, 186 So. 3d 255, 259 (La. Ct. App. 2016) (negligence actions have a one-year statute of limitations). Plaintiff clearly states the alleged fraud and misrepresentations happened on April 7, 2020. (R. Doc. 1 at 4). Thus, when Plaintiff filed his Complaint more than three and a half years later, Plaintiff's constructive fraud and negligent misrepresentation claims were already time-barred. (R. Doc. 1). These claims may therefore be dismissed with prejudice.

Further, dismissal is proper under Fed. R. Civ. P. 12(b)(6).[3] Plaintiff fails to allege facts revealing that any false statements were made by Defendant or that Defendant had a duty to explain the details of the Contract or sale to Plaintiff. *See Sys. Eng'g & Sec., Inc. v. Sci. & Eng'g Associates, Inc.*, 2006-0974 (La. App. 4 Cir. 6/20/07), 962 So. 2d 1089, 1092 ("elements

---

[2] La. Civ. Code art. 3492, applicable to this case, has been repealed in its entirety. TORT ACTIONS, 2024 La. Sess. Law Serv. Act 423 (H.B. 315). Effective July 1, 2024, La. Civ. Code art. 3492 is replaced by the newly drafted La. Civ. Code. arts. 3493.11 and 3493.12. *Id.* These new articles "shall be given prospective application only[.]" *Id.*

[3] Also, when a complaint involves a fraud allegation, Fed. R. Civ. P. 9(b) ("Rule 9(b)") "requires a higher pleading standard" where the plaintiff must "state with particularity the circumstances constituting fraud." *Turner v. Ascendium Educ. Grp.*, No. 20-660, 2021 WL 5510232, at *6 (M.D. La. Nov. 24, 2021) (citations omitted). "When claims for fraud and negligent misrepresentation are based on the same set of alleged facts, Rule 9(b)'s heightened pleading standard generally applies to both." *Hoffman v. AmericaHomeKey, Inc.*, 23 F. Supp. 3d 734, 747 (N.D. Tex. 2014) (citations omitted). Plaintiff's Complaint identifies those involved in the alleged fraud and misrepresentations and where and when the events occurred, but it fails to allege what Plaintiff was told or whether the statements were false. (R. Doc. 1 at 4). Plaintiff has thus failed to properly plead his fraud and negligence claims under Rule 9(b).

necessary to establish a claim of negligent misrepresentation: (1) the defendant, in the course of its business or other matters in which it had pecuniary interest, supplied false information, (2) the defendant had a legal duty to supply correct information to the plaintiff, (3) the defendant breached its duty, which can be breached by omission [or] affirmative misrepresentation, and (4) the plaintiff suffered damages or pecuniary loss as a result of the its justifiable reliance upon the omission or affirmative misrepresentation"); *see also Robinson-Carter o/b/o Robinson-Carter v. St. John the Baptist Par. Sch. Bd.,* 23-397 (La. App. 5 Cir. 4/3/24), *reconsideration denied sub nom. Robinson-Carter v. St. John the Baptist Par. Sch. Bd.,* 23-397 (La. App. 5 Cir. 4/19/24), *reh'g denied* (June 17, 2024) (citations omitted) ("In order to establish a claim for fraud, the plaintiff must prove: 1) a misrepresentation, suppression, or omission of true information; 2) the intent to obtain an unjust advantage or to cause damage or inconvenience to the other party; and 3) the resulting error must relate to a circumstance substantially influencing the other party's contractual consent. [T]o prove fraud from silence or suppression of the truth, there must be a duty to speak or disclose information."). (R. Doc. 1). Plaintiff has therefore failed to allege enough facts in support of either his constructive fraud or negligent misrepresentation claim. *Id.*

### v. Leave to Amend Would be Futile

It is within this Court's discretion to deny a motion to amend or to refuse to afford leave to amend if an amendment would be futile. *Stripling v. Jordan Production Co.*, 234 F. 3d 863, 872-873 (5th Cir. 2000). An amendment would be futile if "the amended complaint would fail to state a claim upon which relief could be granted." *Id.* The Court finds such futility in this case.

With the exception of a possible claim for breach of contract or the "good faith guideline" violations, all of the claims Plaintiff has alleged in his Complaint are time-barred. No amendment could cure that deficiency.

With respect to Plaintiff's contract and good faith claims, any opportunity to amend would likewise be futile. It is clear that Plaintiff's sole basis for these claims is that he was allegedly provided no notice of rescission. (R. Doc. 1). As addressed above, Plaintiff had no right to a rescission notice and any such claim is inconsistent with the explicit terms of the contract. (R. Doc. 1-1). Thus, the Court will not afford Plaintiff leave to amend regarding these claims.

The undersigned has also considered Plaintiff's opposition to Defendant's Motion to Dismiss Plaintiff's Complaint (R. Doc. 9), and whether leave should be granted to assert any new claims raised in that filing. Although not in any amended pleading, Plaintiff alleges that Defendant violated the Federal Trade Commission Act's holder in due course rule, the Louisiana Unfair Trade Practice Act, and the Uniform Commercial Code ("UCC"). La. R.S. 51:1409; 16 C.F.R. § 433.2. (R. Doc. 9). This Court will not afford Plaintiff leave to amend to add these claims to the Complaint because, as Defendant correctly argues, to do so would be futile. (R. Doc. 12). First, the holder in due course rule may only be enforced by the Federal Trade Commission such that Plaintiff has no private right of action. *Midfirst Bank v. Craige*, No. CV 16-3941, 2017 WL 2311740, at *5 (E.D. La. May 26, 2017) (holder in due course rule does "not provide a private cause of action"). Second, Plaintiff's LUTPA claim is time-barred because, while it should have been brought within a year of April 7, 2020, it was brought more than three years later. *See* La. R.S. 51:1409(E) ("prescribed by one year running from the time of the transaction or act which gave rise to this right of action"). (R. Doc. 1). Third, and finally, Plaintiff's UCC claim is simply nonsensical[4] and does not support[5] a claim for relief.

---

[4] Plaintiff alleges (a) he has "no lein [*sic*] recorded" on his UCC Financing Statement; (b) Defendant has not perfected its interest because it has not "put a Lien on all there Accounts" with the Federal Reserve; (c) the Federal Reserve "already got the interest and already the Secure party[;]" and (d) Defendant is a lien itself. (Doc. 9 at 4.)

[5] Plaintiff appears to allege Defendant must have placed a lien on Plaintiff himself or its accounts, rather than the vehicle. (*See id.*) Nothing in the UCC contains such a requirement. *See* La. Rev. Stat. §§ 9-101 to 9-809.

9

### III.    Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the Santander Consumer USA Inc. d/b/a Chrysler Capital's Motion to Dismiss Plaintiff's Complaint (R. Doc. 8) be **GRANTED** and that Plaintiff's Complaint (R. Doc. 1) be **DISMISSED** with prejudice.

Signed in Baton Rouge, Louisiana, on July 3, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**